HENRY CLAUSEN ET AL., RESPONDENTS, v. THE MAYOR AND COMMISSIONERS OF THE VILLAGE OF RIDGE-FIELD ET AL., APPELLANTS.

Submitted July 9, 1917—Decided November 19, 1917.

If a municipality, seeking to condemn land for a public street, elects to proceed under the general act relating to eminent domain (*Pamph. L.* 1900, *p.* 79), and does proceed to a determination and award, and pays the award, such procedure supersedes any other method which it might have been entitled to proceed under, and it has no power to subsequently proceed under another statute to have estimated and assessed upon the remaining lands of the owner, benefits claimed to have been derived from the opening of the street. The act invoked becomes exclusive when the municipality elects to avail itself of its provisions and proceeds under it to have the value of the land and damages ascertained and awarded, and without discontinuance or appeal pays the award.

On appeal from the Supreme Court.

For the respondents, *William J. Morrison.*

For the appellants, *Clifford K. Reed* and *Thomas J. Brogan.*

The opinion of the court was delivered by

BERGEN, J. The writ of *certiorari* was allowed in this case to review an assessment for benefits alleged to result from the opening of a public highway. The prosecutors were the owners of a tract of land through which the defendants caused to be opened a public street and thereupon procured the appointment of commissioners as provided by "An act to regulate the ascertainment and payment of compensation for property condemned or taken for public use (Revision of 1900)," *Pamph. L.* 1900, *p.* 79; 2 *Comp. Stat., p.* 2182. The commissioners were appointed and made their report appraising the lands and assessing the damages sustained by the prosecutors for the taking of the lands owned by them for use as a public

street, "And whatever we, as such commissioners, are authorized and required by law to assess, and having made a just and equitable estimate and appraisement of value of said land and assessment of the damages to be paid by said petitioner for such land and damages to the same for the taking of the same for the purpose aforesaid, do award," that the petitioner pay to the owners the sum of $1,250. "For the value of said land and for all other damages as aforesaid." This award the defendant paid. A few months later the defendant applied for the appointment of commissioners to make an assessment of the cost, damages and expenses, including the value of the lands taken for the opening of the street. The record submitted to us is very imperfect, but the cause was argued upon the theory, and we so assume, that these commissioners were appointed to ascertain the total cost of the improvement and to assess upon any of the lands specially benefited by the opening of the street, the respective amounts of the benefits derived therefrom. These commissioners assessed the prosecutors for benefits to the lands not taken $1,667.37, so that the net cost to the prosecutors was their land and $417.37. This latter assessment the Supreme Court set aside and the defendants have appealed.

The contention of the prosecutors is that the defendants having elected to proceed under the general act relating to eminent domain, the award includes the consideration of benefits derived from the opening of the street and that the defendant is now estopped from proceeding, as it has, to assess benefits resulting from the improvement, under 4 *Comp. Stat., p.* 5736, § 36f, which provides that the costs, expenses and damages incurred by any village for the laying out of any street shall be ascertained as provided in "An act to provide for the assessment and payment of the cost and expenses incurred in constructing sewers and making other improvements in townships and villages, which was approved March 12th, 1878," (*Comp. Stat. p.* 3652), section 4 of which provides that the commissioners shall proceed "To make a just and equitable assessment thereof upon all of the lands within the limits of the authority of said board of commis-

sioners, specially benefited by said improvement, in proportion to the benefits actually acquired by said lands     *     *     * and in case the said commissioners shall determine that the lands specially benefited by said improvement have not been so benefited to the full extent of the cost, damages and expenses thereof, the surplus of such costs, damages and expenses remaining after assessing the lands specially benefited to the extent of such special benefit, shall be a debt upon and be paid by the said board of commissioners' out of the moneys to be raised by general taxation for that purpose as hereinafter provided." By section 3 of the same act the commissioners are required to ascertain the total cost, damages and expenses incurred for the laying out of any street. It is argued by the defendant that under this act two proceedings are provided for, namely, an ascertaining of the damages which the landowner suffers without any consideration of benefits, and second, an assessment for benefits arising from the improvement; that the first is to be ascertained in the manner provided by the general act relating to eminent domain, and the second by a proceeding to ascertain the benefits and to assess them upon the lands benefited under the act of 1878 above referred to. The Eminent Domain act of 1900 (*Pamph. L., p. 79, § 17*) provides that the practice prescribed by it "Shall supersede the existing practice in all condemnation cases for the ascertaining of compensation, except in cases of the taking of land for public improvement where payment of the award for land taken and damages is authorized by statute to be set off against or made wholly or partially in benefits to be assessed for the same improvement, in which cases the procedure prescribed in this act shall not be exclusive of the procedure authorized by such statute, and the municipal corporation or other body taking land for a public improvement may elect to proceed under such statute, and on such election the procedure prescribed by this act shall not apply to such taking." The Supreme Court decided that under the general act relating to eminent domain, just compensation authorizes the consideration and deduction of benefits from the damages resulting from the taking of land and the inci-

dents thereto, although the act does not authorize in express terms such consideration and deduction. This conclusion is not free from doubt. In *State* v. *Miller,* 23 *N. J. L.* 383, it was held that where the act is silent the surveyors, in laying out a public highway, are not bound to set off benefits against damages. In *Swayze* v. *New Jersey Midland Co.,* 36 *Id.* 295, the court, after saying that it would seem equitable and just, in ascertaining the landowner's damages, to deduct his benefits, said: "But this charter under consideration has fixed another mode of estimating damages in a marked and peculiar manner," and set aside the report because benefits had been taken into consideration. The "peculiar manner" was that, in substance, embodied in our present general act. To the same effect is *State* v. *Pierson,* 37 *Id.* 363. In *Davis* v. *Newark,* 54 *Id.* 595, Mr. Justice Dixon, speaking for this court, said that the award was an equivalent to a judicial determination, that the premises for which the compensation is awarded, is based "on a comparison of benefits and injuries." In that case there was an express direction "that in estimating and assessing such damages the commissioners shall have due regard, both to the value of the lands and to the injury or benefit." In *Mangels* v. *Chosen Freeholders,* 55 *Id.* 88, the statute construed, provided that just compensation should be estimated by considering the value of the land taken, the condition in which the owner's parcel will be left after the taking of the land necessary for the highway, "and the benefits that will result from such road to the owner or owners of such land and real estate." In *Randolph* v. *Freeholders of Union,* 63 *Id.* 155, the statute expressly authorizes the consideration of benefits. *Newark* v. *Weeks,* 71 *Id.* 448, is not applicable to cases of this class, for there the damages related to the change of the grade of a street. In *Simmons* v. *Passaic,* 42 *Id.* 619, the city charter required the commissioners of assessment to "Have due regard both to the value of the lands and real estate, and to the injury or benefit to the owner or owners thereof, by making such improvement as aforesaid." Chief Justice Beasley, speaking for this court, said that under that law what the landowner was

entitled to for his property "Was the difference between the value of the land taken and the benefits conferred by such improvement," and after saying that the General Road act had nothing to do with the lands authorized to be taken for streets by force of powers given in the charter of cities said: "The consequence is, that unless the provision contained in such charters are to be considered as a legislative direction, contemplated in the clause of the constitution just quoted, the result would be that there is no requirement proceeding from that instrument that any compensation whatever is to be made when municipal land is taken by the public for the purpose in question * * *. In the present case, the legislature has fixed the standard of compensation; that standard must be accepted by the landowner as the measure of his right, for his entire claim for compensation must be derived from this statute." This would seem to indicate that if no right of set-off is given by the statute, none would exist. From these cases there seems to be a distinction made between the statutes which authorize the consideration of benefits in ascertaining just compensation, and those which do not.

Our general act relating to eminent domain does not expressly authorize the consideration and deduction of benefits in ascertaining the landowner's damages or compensation, and the exception it makes of those cases where payment of the award for lands taken for a public improvement is authorized by statute to be set off in whole or in part against benefits to be assessed for the same improvement, with the right of the public body seeking to take land for public use to elect to proceed under such statute, raises a debatable question not necessary to be determined in this case, whether, in the absence of statutory authority, special benefits can be considered on ascertaining a landowner's compensation for land taken and the incidental damages resulting therefrom.

The Eminent Domain act is exclusive unless the public body seeking to take land for a public improvement elects to proceed under some other statute which authorizes the setting off of benefits against the damages arising from such taking.

This defendant elected to proceed under the general act relating to condemnation of lands. It is bound by the act unless it is within the exception, and if it is and wished the benefit of a statute described in the exception it should not have proceeded under this act. Having elected to proceed under the general act of 1900, paying the award without taking any appeal, as it had a right to do if the award was based upon illegal principles, it cannot now resort, in a subsequent proceeding, to an act, the benefit of which it has by its election waived.

The judgment of the Supreme Court will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, BERGEN, BLACK, HEPPENHEIMER, WILLIAMS, JJ. 9.

*For reversal*—WHITE, J. 1.